JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4481 PA (MRWx) | Date | June 12, 2012 |
|---|---|---|---|
| Title | Carlos Tejeda v. Select Portfolio Serv., Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Select Portfolio Servicing, Inc. ("Defendant") on May 23, 2012.  Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Carlos Tejeda ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside *with the intent to remain or to which they intend to return*.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4481 PA (MRWx) | Date | June 12, 2012 |
|---|---|---|---|
| Title | Carlos Tejeda v. Select Portfolio Serv., Inc. | | |

    The Notice of Removal alleges that "[a]t all times relevant, Plaintiff was and is domiciled in California, and thus a citizen of California." (Notice of Removal at 2 (citing Compl. ¶ 1).) However, the Complaint alleges only Plaintiff's residence. (See Compl. ¶ 1; First Amended Compl. ¶ 1.) Thus, Defendant's allegation of Plaintiff's citizenship is defective because it is based only upon an inference from his residence, which is not the same as citizenship. Kanter, 265 F.3d at 857; cf. Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Given the strong presumption against removal jurisdiction, then, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

    Because Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction, the Court remands this action to the Los Angeles Superior Court, Case No. BC 476074. 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.